UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GREEN,<br><br>    Petitioner<br><br>    v.<br><br>W.Z. JENKINS II, WARDEN,<br><br>    Respondent. | Case No. CV 21-1456-DMG (GJS)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

      Petitioner is a federal prisoner currently incarcerated within this District. The Clerk's Office received a putative 28 U.S.C. § 2241 petition from him on February 11, 2021, which was assigned to the undersigned on February 17, 2021 ("Petition"). Although the Petition bears the words "emergency motion" in its title and states cursorily that Petitioner seeks a "restraining order or injunction" requiring his immediate release from federal custody, this, of course, is the very same, and only, relief that could be afforded as habeas relief on the merits, albeit on an expedited basis. As Petitioner has not actually complied with the requisites for obtaining emergency injunctive relief, the Court will construe the Petition as seeking "expedited adjudication" on the merits, as Petitioner requests [*see* Petition at 3].

On February 19, 2021, the Clerk's Office received an Amendment to the Petition ("Amendment") from Petitioner. Although the Amendment has not yet been docketed and entered onto CM/ECF, given Petitioner's request for expedited review, the Court has considered it along with the Petition.

The Court has screened the Petition[1] on an expedited basis and considered Petitioner's allegations and claims carefully. Based on its review, the Court concludes that summary dismissal of this action, without prejudice, is required, for the reasons below.

## BACKGROUND

Pursuant to Rule 201 of the Federal Rules of Civil Procedure, the Court takes judicial notice of the federal dockets and filings available through the PACER system. These records show that in Case No. 3:11-cr-00938-LAB in the United States District Court for the Southern District of California (the "Sentencing Court"), Petitioner was charged with violations of 18 U.S.C. §§ 2552(a)(2) and (a)(4)(B).[2] Following a February 14, 2013 plea by Petitioner, he was convicted of one count of violating 18 U.S.C. § 2552(a)(4)(B). In December 2013, Petitioner received a sentence of 87 months, to be followed by ten years of supervised release.

Petitioner did not appeal the above conviction or sentence. On October 24,

---

[1] Habeas petitions brought pursuant to Section 2241 may be subjected to the same screening requirements that apply to habeas petitions brought pursuant to 28 U.S.C. § 2254. *See* Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (a district court may "apply any or all of these rules" to any habeas petition, and mandating that a district court dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *see also Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4); Local Rule 72-3.2 (authorizing magistrate judge to prepare for district judge proposed order for summary dismissal and proposed judgment if it plainly appears from the face of the habeas petition that the petitioner is not entitled to relief).

[2] These charges were for knowing receipt or distribution of child pornography, and knowing possession, or access with the intent to view, of child pornography.

2

2014, Petitioner filed a motion seeking a prospective extension of time to file a 28 U.S.C. § 2255 motion. On October 28, 2014, the Sentencing Court denied the motion, finding that no good cause existed for the requested extension. On November 18, 2014, Petitioner sought reconsideration, which was denied on November 20, 2014. Rather than file a Section 2255 motion within the remaining portion of his limitations period, Petitioner instead appealed both rulings. On August 1, 2016, the United States Court of Appeals for the Ninth Circuit dismissed the appeal for lack of jurisdiction, and on October 21, 2016, denied rehearing (Case No. 14-50563).

Within a year, Petitioner was charged with violating his supervised release conditions. On January 8, 2018, Petitioner admitted allegation #1 (use of a computer capable of accessing the internet, without permission of his probation officer and that did not have monitoring software installed), and on the next day, a hearing was held with respect to contested allegation #2 (failure to participate in an approved state-certified sex offender treatment program as directed), after the Sentencing Court denied Petitioner's motion to dismiss the allegation. The Sentencing Court ordered further conditions of supervised release. Petitioner appealed the denial of the motion to dismiss, and the appeal was dismissed on January 24, 2019. Meanwhile, on September 18, 2018, Petitioner appeared for a final revocation hearing, at which time the Sentencing Court modified his supervised release conditions and ordered Petitioner to complete his term of supervised release.

In November 2019, another charge was filed alleging that Petitioner again had violated the terms of his supervised release. On September 21, 2020, the Sentencing Court found Petitioner in violation as to allegation #5 (patronizing a place where actual sexually explicit conduct involving adults is the primary material or entertainment), revoked his supervised release, and imposed an 18-month term of imprisonment to be followed by ten years of supervised release (the "Conviction"

and the "Sentence"). A few days later, Petitioner filed a notice of appeal (Case No. 20-50257). A month and a half later, on November 11, 2020, Petitioner filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The docket does not reflect any ruling on that motion. In his appellate opening brief, Petitioner argued, *inter alia*, that: the Conviction was not supported by sufficient evidence; the Conviction was the product of evidence obtained in violation of the Fourth Amendment; the Sentencing Court misinterpreted the applicable sentencing guidelines; the Sentence was twice the applicable guidelines range and was substantively unreasonable; and the Sentence, coupled with the Sentencing Court's "refusal to act" on Petitioner's motion for compassionate release, violated Petitioner's Eighth Amendment right against cruel and unusual punishment.

According to the Federal Bureau of Prisons ("BOP") website, Petitioner's projected release date is November 11, 2021. He currently is incarcerated at the Los Angeles Metropolitan Detention Center ("MDC").

## PETITIONER'S CLAIMS

Petitioner alleges that he is 73 years old and has serious health issues. The Petition attaches some medical documentation indicating that he has a history of cardiac problems, strokes, traumatic brain injury, cancer, and back conditions, among other issues. While Petitioner discusses these medical conditions and the ongoing COVID pandemic as a part of his narrative allegations, the habeas claims alleged in the Petition do not rest on this situation. Rather, with one exception discussed below, Petitioner's assertions of constitutional violation warranting habeas relief and his stated habeas claims focus on events prior to and surrounding his 2020 Sentence and Conviction. The bulk of the Petition's arguments are directed to Petitioner's contentions that he is innocent of the charge that is the basis for the Conviction, the Sentence is unfair, he received ineffective assistance from his attorneys, and the Sentencing Court Judge is biased against him. Specifically, the

Petition alleges the following four habeas claims:

**Ground One:** Petitioner contends that he is being deprived of his First Amendment right to the free exercise of his religion – Christian Science – because he is being impaired in his efforts to use Christian Scientist practitioners for the treatment of his medical problems. Petitioner alleges that due to certain conditions at MDC – the COVID-related lockdown, his placement in the Secured Housing Unit, his institution's ten minute limit on phone calls, and a one hour waiting time for phone calls – he has been deprived of "meaningful, effective contact and treatment" with Christian Scientist practitioners, and therefore, he has been forced to resort to conventional medical care, which is "deficient, absent and denied." [Petition at 4, 27.]

**Ground Two:** Petitioner contends that he has been deprived of his Fifth Amendment rights to due process and equal protection, because of the Sentencing Court Judge's alleged bias, animus, and anger-based punishment of Petitioner in connection with the Conviction and the Sentence. Petitioner asserts that the Conviction and the Sentence are illegal and wrongful, as is the Sentencing Court's failure to rule on his November 2020 compassionate release motion. [Petition at 4, 27-28.]

**Ground Three:** Petitioner contends that the conduct of the three attorneys who represented him in connection with the above-described revocation of supervised release proceedings and pending appeal of the Conviction and Sentence violated his Sixth Amendment right to the effective assistance of counsel. Petitioner alleges that his first attorney wrongfully refused to seek the recusal of the Sentencing Court Judge, refused to file a memorandum of facts to refute the Probation Office's submission, refused to conduct a factual investigation to obtain information to rebut the charged violation, refused to seek the return of Petitioner's tablet to him, coerced Petitioner into admitting one allegation despite his medical status at the time, and abandoned him when he asked to have another attorney

appointed. Petitioner alleges that his second attorney failed to investigate and prepare the case with Petitioner, refused Petitioner's requests to "see the discovery," was completely unprepared at the September 21, 2020 hearing, asked Petitioner to prepare cross examination questions for a Probation Officer, failed to challenge the factual predicate for allegation #5, failed to object to the 18-month sentence imposed, failed to object to the illegal search of Petitioner's phone, failed to review the Judgment (which contained an erroneous sex offender counseling condition), refused to deliver the case files to Petitioner's attorney in a timely manner, failed to notice that Petitioner's phone never viewed any porn videos, and failed to object to the Sentencing Court's misapplication of sentencing factors and attacks on Petitioner. Petitioner alleges that his third attorney refused to update the compassionate release motion, refused to seek a writ of mandamus to compel the Sentencing Court to rule on that motion, refused to seek emergency expedited adjudication of the pending appeal, refused to contact the Sentencing Court to seek correction of the erroneous sex offender counseling condition, failed to obtain all medical records to use in the compassionate release motion and on appeal, failed to filed a reply to the Government's opposition to the compassionate release motion, and refused to file or assist in the filing of a Section 2241 habeas petition. [Petition at 4, 29-31.]

**Ground Four:** Petitioner contends that his Conviction and his Sentence violate the Cruel and Unusual Punishment Clause of the Eighth Amendment. He contends that the Sentencing Court Judge imposed the Conviction as punishment, due to the Judge's bias, animus, and prejudice, and that the Sentence is illegal and also was imposed as "punishment" within the meaning of the Cruel and Unusual Punishment Clause. Petitioner also contends that the Sentencing Court's failure to rule on the November 2020 compassionate release motion is "punishment" within the meaning of the Cruel and Unusual Punishment Clause. [Petition at 4, 31-32.]

# DISCUSSION

## I. The Court Lacks Jurisdiction To Consider Grounds Two Through Four.

Federal courts have an independent obligation to examine their own jurisdiction and may not entertain an action in which jurisdiction is lacking. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Petitioner is a federal prisoner who seeks to challenge the Conviction and Sentence by this action. For federal prisoners wishing to challenge matters related to their convictions and/or sentences, there are two statutory bases for federal district court jurisdiction: 28 U.S.C. § 2241 ("Section 2241"); and 28 U.S.C. § 2255 ("Section 2255").

A Section 2241 habeas petition may be filed by a federal prisoner to attack the "execution of his sentence," but not to attack its validity. *White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004); *Hernandez*, 204 F.3d at 864. A motion under Section 2255 generally is the exclusive mechanism – outside of a direct appeal – by which a federal prisoner may challenge the validity or legality of his conviction or sentence. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Petitioner asserts that, by the Petition, he "challenges 1) the <u>fact</u> of his conviction and sentence, 2) the <u>manner</u> of <u>execution</u> of his sentence, 3) and the <u>duration</u> of his sentence," and that he may do so under Section 2241. [Petition at 18.]

Contrary to Petitioner's assertion, Grounds Two through Four of the instant Petition do not attack the execution of Petitioner's sentence. These three claims plainly attack the validity of Petitioner's Conviction and related Sentence directly, namely, by attacks on the "fact" of the Conviction and Sentence. Petitioner contends that his Conviction and Sentence were imposed in violation of the Fifth and Eighth Amendments for the alleged reasons outlined above (Grounds Two and Four). He contends that he suffered the Conviction and Sentence as the result of numerous instances of ineffective assistance provided by his attorneys, and is

7

receiving ineffective assistance in connection with his appeal of the Conviction and Sentence, all in violation of his Sixth Amendment rights (Ground Three). These are not attacks on the manner in which the Sentence is being executed no matter how liberally the Petition is construed. Rather, Grounds Two through Four fall squarely within the purview of Section 2255, because they expressly challenge the validity of the Conviction and Sentence. Thus, Grounds Two through Four are required to be raised by way of Section 2255 motion rather than Section 2241 habeas petition.[3]

There is, however, "one exception" to the generally exclusive nature of the Section 2255 remedy for federal prisoners who wish to challenge the validity of their convictions and/or sentences. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Section 2255(e) contains a "savings clause" or "escape hatch," which allows a federal prisoner to seek Section 2241 relief when a Section 2255 motion is "inadequate or ineffective to test the legality of his detention." *See id.; see also Muth*, 676 F.3d at 818; *Harrison*, 519 F.3d at 956. A finding that Section 2255 is an inadequate or ineffective remedy constitutes "a narrow exception" to the rule that Section 2255 provides a federal prisoner's exclusive remedy for challenging a conviction and/or sentence. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997); *see also Ivy v. Pontesso*, 328 F.3d 1057, 1069 (9th Cir. 2003).

The Ninth Circuit has construed the "inadequate or ineffective" language of Section 2255(e) narrowly and made clear that it does not serve as a mechanism for

---

[3] Ground Two also attacks the Sentencing Court's failure to rule on the motion for compassionate release that Petitioner filed in November 2020. That subclaim should be raised in the Sentencing Court itself – through a request for ruling – or in the Ninth Circuit by seeking an order directing the Sentencing Court to rule. In fact, as noted earlier, Petitioner *has* included within his opening brief in his pending Ninth Circuit appeal a complaint that the motion has not yet received a ruling. This Court lacks jurisdiction to render a ruling about a motion pending before another District Court, and the subclaim does not belong in this District. *See, e.g., Macias v. Bradley*, No. CV 20-714-RGK, 2020 WL 6681250, at *2 (C.D. Cal. Nov. 10, 2020) (dismissing request by petitioner seeking compassionate release when he had been sentenced in the Eastern District of California, where he had such a motion pending); *Sweeney v. Hererra*, No. CV 20-0427-CJC, 2020 WL 4980062, at *3 (C.D. Cal. June 8, 2020) (only the sentencing court or the BOP may consider a request for compassionate release, not the district of incarceration)

circumventing the procedural limitations on Section 2255 motions. *See, e.g., Ivy*, 328 F.3d at 1059; *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). In the Ninth Circuit, the Section 2255 remedy qualifies as inadequate or ineffective only "'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Harrison*, 519 F.3d at 959 (citation omitted); *see also Muth*, 676 F.3d at 819. The petitioner bears the burden of proving the inadequacy or ineffectiveness of the Section 2255 remedy. *See Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner has not met that burden here, nor can he do so, because he cannot satisfy the above-noted second requirement. He has an appeal pending in the Ninth Circuit in which many of the Petition's attacks on his Conviction and Sentence have been raised and, thus, will be considered by the Ninth Circuit. As to those claims, Petitioner has an "unobstructed procedural shot" for raising them and has done so. To the extent that Grounds Two through Four raise additional attacks on the Conviction and Sentence not included within Petitioner's appeal briefing, he has yet to file a Section 2255 motion in the Sentencing Court and there is no apparent procedural impediment to him doing so. Given the September 2020 date of the Conviction and Sentence, Petitioner currently has ample time left within the one-year statute of limitations period. In addition, this is not an instance in which Petitioner would need permission from the Circuit Court to bring a second or successive Section 2255 motion and, thus, to meet the stringent requirements of 28 U.S.C. § 2255(h), because Petitioner has never attempted to raise these claims in the proper forum, *i.e.,* the Sentencing Court, through a request for Section 2255 relief.

To demonstrate that he never had an "unobstructed procedural shot" with respect to his present Grounds Two through Four claims, Petitioner must show that he never had an opportunity to raise the claims on appeal or in a Section 2255 motion. *See Harrison*, 519 F.3d at 960. That plainly is not the case. Because Petitioner cannot satisfy the "has not had an unobstructed procedural shot"

requirement for showing that the Section 2255 remedy is inadequate and ineffective with respect to the attacks on his Conviction and Sentence raised by Grounds Two through Four, he may not raise these claims through a Section 2241 habeas petition. Accordingly, Section 2241 jurisdiction is lacking with respect to Grounds Two through Four of the Petition and dismissal of the claims without prejudice on this basis is warranted.[4]

## II. Ground One Is Not Cognizable In Habeas Review.

Ground One of the Petition rests on Petitioner's contention that his First Amendment right to the free exercise of his religion had been impaired by limitations on his ability to make telephone calls to Christian Science practitioners. Petitioner complains that various conditions at his institution (including restrictions resulting from the COVID-10 pandemic, his SHU placement, time restrictions, and waits to access telephones) have affected his ability to obtain meaningful telephone-based medical "treatment" from other Christian Scientists. Petitioner alleges that, as a result of this impairment of his telephone access to Christian Science practitioners, he has been required to utilize medical resources at his facility, which he labels deficient or unavailable.[5]

As noted earlier, a Section 2241 habeas corpus petition is a vehicle for a

---

[4] The Court acknowledges that the transfer of civil actions to cure jurisdictional defects is permitted by 28 U.S.C. § 1631. *Hernandez*, 204 F.3d at 865 n.6. The Court, however, concludes that transfer of the Petition would not be appropriate in this instance given Ground One of the Petition and Petitioner's COVID-related allegations, which relate to his incarceration at MDC, within this District. Instead, if Petitioner wishes to pursue his Grounds Two through Four attacks on the Conviction and Sentence (as well as his complaint that there has not yet been a ruling on the compassionate release motion), it would be most appropriate for him to raise them through a Section 2255 motion filed in the Sentencing Court.

[5] The Court notes that Petitioner asserts that the reason immediate release is required is so that he can receive treatment by a "high level" medical "specialist," including hospital care [Petition at 25], *not* so that he can more freely practice his religion by having a greater ability to consult with Christian Science practitioners.

10

federal prisoner's challenge to the execution of his sentence. *Hernandez*, 204 F.3d at 864. Challenges to a prisoner's conditions of confinement, however, must be brought through a civil rights action, rather than through a habeas corpus petition. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("[a]n inmate's challenge to the circumstances of his confinement" must be brought through a civil rights action); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (cit. om.). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see also Ramirez v. Galaza*, 344 F.3d 850, 859 (9th Cir. 2003) (habeas jurisdiction is lacking, and a civil rights action instead is appropriate, "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief]" and, instead, should be brought as a civil rights claim "in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

The allegations of Ground One of the Petition complain only about the conditions of Petitioner's confinement. Nothing he alleges through Ground One – directly or by implication – relates to the execution of his Sentence Through his allegations, Petitioner effectively seeks to pursue a *Bivens* civil rights claim[6] based on conditions of his confinement that are alleged to violate the First Amendment, namely, that he is not receiving adequate telephone access and time, and thus, he

---

[6] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which applies when civil rights-type claims based on asserted deprivations of constitutional rights are asserted against federal officials.

11

cannot speak with Christian Science practitioners to the extent he believes is needed for medical advice and treatment. Indeed, Ground One states a classic conditions of confinement claim, *i.e.,* that the conditions of confinement at Petitioner's institution are violating a constitutional right he possesses. This claim does not implicate the fact or duration of Petitioner's confinement, and thus, it is not cognizable under Section 2241. Instead, Ground One must be raised by way of a *Bivens* complaint or through some other form of civil action, rather than through a habeas petition brought under Section 2241.

The Court may construe a flawed habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Converting Ground One of the Petition to a *Bivens* complaint would be improper, however, given that: (1) the Petition was not accompanied by the $350 filing fee or a request to proceed without prepayment of the full filing fee; (2) the Petition was not accompanied by an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b)[7]; (3) based on Petitioner's allegations and the timing of the matters alleged, it appears likely that he has not exhausted his administrative remedies for his Ground One claim, a prerequisite to filing a civil rights action[8]; (4) and no viable *Bivens* claim or request for relief has been stated

---

[7] Petitioner is a prisoner, and thus, 28 U.S.C. § 1915(b) requires him to pay "the full amount of a filing fee," although he may do so through and initial partial payment and monthly payments thereafter rather than prepaying the entire amount.

[8] 42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Moreover, even if Ground One properly had been brought under Section 2241 (which it has not), habeas petitions under Section 2241 also have an exhaustion requirement. *See, e.g., Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004). Given the nature of the Petition's allegations, it is possible that the exhaustion requirement could be found to be futile or excused, but the Court need not, and does not, decide that issue here.

against the named Respondent or any other person.⁹

In addition, if Ground One of the Petition were converted to a *Bivens* complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, either in full up front or through withdrawals from his prison trust account in accordance with the availability of funds. See 28 U.S.C. § 1915(b). The dismissal of this action at the pleading stage or otherwise would not end Petitioner's obligation to pay that $350 filing fee. Further, the Court would be obligated to screen the converted Petition pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. See 28 U.S.C. § 1915A(b); 42 U.S.C. §

---

⁹ The Warden of Petitioner's institution is the sole named Respondent, but the Petition does not contain any allegations with respect to Respondent Warden, such as what he did or did not do, much less identify what conduct by him violated the First Amendment or any other constitutional provision. Rather, as currently formulated and if converted, Ground One of the Petition would constitute a noncognizable attempt to hold the Warden vicariously liable premised on the doctrine of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). But even if a proper defendant had been named for *Bivens* purposes, Ground One does not come close to stating a viable claim, because it is bereft of any actual factual assertions. Petitioner alleges only generally that he doesn't have enough time on the telephone with Christian Science practitioners, but he does not allege any incident in which this actually has resulted in his inability to receive needed medical advice, preventing him from attending to his medical needs, which thereby violated his right to the free exercise of his religion. *See Iqbal*, 556 U.S. at 678 (to be viable, a claim must contain sufficient factual matter to state a claim for relief that is plausible on its face, and a "claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; it dos not do so if it contains merely "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement'") (citation omitted).

In addition, the *Bivens* remedy is a limited one that, to date, has been approved by the Supreme Court in only three instances; extending it to others is disfavored. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-57 (2017). Only the portion of Ground One alleging denied or impaired medical care falls within the scope of one of the few permissible types of *Bivens* claims (*i.e.,* an Eighth Amendment claim); his First Amendment allegations do not. Further, the relief requested is injunctive in nature – immediate release from incarceration, so that Petitioner can utilize faith-based treatment [Petition at 33] – which is not relief that is available pursuant to a *Bivens* claim. *See Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1093-94 (9th Cir. 2016) (holding that "*Bivens* does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action" and that the only remedy available is monetary damages from a defendant in his or her individual capacity).

1997e(c)(1). As noted above, the allegations of Ground One of the Petition do not state a cognizable *Bivens* claim against the named Respondent or anyone else. If the converted Petition ultimately were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" – *i.e.,.* prior actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted – may not bring an action or appeal without prepayment of the full filing fee unless "the prisoner is under imminent danger of serous physical injury."

Thus, the Court believes it is appropriate to dismiss Ground One of the Petition without prejudice. Petitioner then may determine whether or not he wishes to raise the subject-matter of Ground One of the Petition through a *Bivens* (or other) claim pleaded in a properly-submitted civil complaint. In making that decision, Petitioner must take into account the administrative exhaustion requirement and remember that he must either submit the $350 filing fee with his complaint or submit the necessary 28 U.S.C. § 1915 documents and pay the $350 filing fee over time if granted leave to do so.

**III.   To The Extent That Petitioner Is Seeking Relief Based On The COVID-19 Pandemic, His Claim Is Not Cognizable In Habeas Review.**

The Petition expressly pleads only the four claims alleged above. While the Petition contains a number of allegations about Petitioner's medical problems and the heightened risk he faces from COVID-19 due to his alleged co-morbidities, as well as his assertion that he therefore should be released, Petitioner does not actually allege a claim based on the theory that his continued incarceration in the face of the existence of the COVID-10 pandemic violates his constitutional rights, whether under the Eighth Amendment or another provision. But even if he were afforded leave to do so or if the Court were to liberally construe the extant Petition to

implicitly raise such a claim, the claim would not be cognizable in habeas and dismissal would be appropriate.

The question of whether prisoner actions asserting violations of their constitutional rights based on the COVID-19 pandemic properly may sound in habeas, versus civil rights, is an open one, with the case law in flux. The Ninth Circuit has not squarely addressed this issue and, when most recently presented with the question, declined to decide whether habeas review is available with respect to claims that COVID-19 conditions at a penal institutional give rise to unconstitutional conditions of confinement. *See Roman v. Wolf*, 977 F.3d 935, 941-42 (9th Cir. 2020) (*per curiam*). District courts within, as well as outside, the Ninth Circuit have split on whether such claims may be reviewed pursuant to habeas jurisdiction.

A number of district courts within the Ninth Circuit have concluded that a claim asserting that an inmate's constitutional rights have been and/or are being violated by the conditions of his confinement resulting from the COVID-19 pandemic is not cognizable in habeas review. For example, in *Alvarez v. Larose*, 445 F. Supp. 3d 861, 866 (S.D. Cal. 2020), appealed dismissed, 2020 WL 8374097 (9th Cir. Oct. 15, 2020), the district court denied a request for a temporary restraining order brought by federal criminal detainees and convicted federal defendants awaiting sentencing who sought Section 2241 relief based on the asserted failure to implement adequate measures to protect them with respect to COVID-19. The Court held that the claims challenging the conditions of confinement within a federal institution given the COVID-19 pandemic were not properly brought under Section 2241. The Court specifically rejected the petitioners' argument that because they sought release – a remedy traditionally provided in habeas – they were entitled to proceed under Section 2241, reasoning that this argument improperly conflated the nature of the relief sought with the substance of the claim, which was to assert that conditions of confinement were

unconstitutional – a claim that should be raised in civil rights rather than habeas. *Id.*

In a more recent decision from this District – *Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1047-49 (C.D. Cal. 2020), appeal dismissed, 2020 WL 6293689 (9th Cir. Oct. 19, 2020) – the Court collected cases from around the country finding habeas jurisdiction to both exist and not exist, analyzed their reasoning, and concluded that claims of this nature are not cognizable as habeas claims. The Court concluded that Section 2241 does not give a district court jurisdiction over a claim that a federal prisoner should be released due to the institutional conditions caused by the COVID-19 pandemic, because this claim does not address the validity of the prisoner's confinement or the particulars affecting its duration as needed for habeas jurisdiction to exist. In this same vein, *see also, e.g.*, *Macias*, 2020 WL 6681250, at *3 (dismissing habeas claim that petitioner's continued confinement during the COVID-19 pandemic jeopardized his health in violation of the Fifth and Eighth Amendments and seeking home confinement as relief, finding that while the relief sought was "within the ambit of habeas corpus," the claim itself constituted a challenge to the conditions of the petitioner's confinement and was required to be brought through a civil rights complaint, not a habeas petition); *Jackson v. Von Blanckensee*, No. CV 20-4161 PA, 2020 WL 4905527, at *1 (C.D. Cal. Aug. 19, 2020) (habeas claim that the petitioner's confinement violated the Eighth Amendment due to his exposure to COVID-19 dismissed, because it should have been brought as a civil rights claim); *Sweeney*, 2020 WL 4980062, at *2 (dismissing Eighth Amendment claim brought under Section 2241 and seeking immediate release based on COVID-19 conditions at prison, finding that this was a conditions of confinement claim that should be raised through a civil rights complaint); *Bolden v. Ponce*, No. 2:20-cv-03870-JFW, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (Section 2241 challenge seeking immediate release on the basis that petitioner's life allegedly was endangered by his continued incarceration due to the ongoing COVID-19 pandemic dismissed for lack of jurisdiction, because his claim

was a challenge to the conditions of confinement that should be asserted through a civil rights complaint, not in a habeas petition).

Other district courts have found that these types of COVID-19 conditions of confinement claims are cognizable on habeas review. *See, e.g., Torres v. Milusnic*, 472 F. Supp. 3d 713, 724-26 (C.D. Cal. 2020) (collecting cases from across the country and finding Section 2241 jurisdiction to exist when the petitioners' claims sought relief from COVID-19-related conditions at their institution by challenging the "'fact and duration of confinement on the basis that no set of conditions of confinement under the present circumstances could be constitutional'"; reasoning that such a claim challenges the "fact of confinement" for habeas purposes); *Bent v. Barr*, No. 19-cv-6123-DMR, 2020 WL 3640009, at *2 (N.D. Cal. July 6, 2020) (granting a preliminary injunction and finding habeas jurisdiction existed over claim that challenged the validity of confinement in light of the COVID-19 pandemic). *see also Wilson v. Williams*, 961 F.3d 829, 837-39 (6th Cir. 2020) (Eighth amendment claim based on prison officials' alleged failure to create safe conditions for prisoners during the COVID-19 pandemic held to be "properly brought under § 2241 because they challenge the fact or extent of their confinement by seeking release from custody," finding dispositive that the petitioners claimed that "there are no conditions of confinement sufficient to prevent irreparable constitutional injury" and, thus, the only relief available was release from prison).

The Court finds the above-cited cases concluding that habeas jurisdiction is not available to be more persuasive and applicable under the facts of this case. Petitioner does not actually allege an Eighth Amendment or other claim based on the fact of the COVID-19 pandemic and its effect on the conditions of confinement at MDC. He does not allege anything with any specificity about how MDC is dealing with the pandemic, other than to claim that "the BOP" and MDC are, as a general matter, not competent to provide him with adequate medical care for his pre-existing conditions regardless of the pandemic and that to put him in an isolation

"bubble" would not be acceptable to him, because he would be deprived of access to legal materials, contact with his appellate attorney, and phone calls and this would be "barbarous." [Petition at 19, 26.]

The Petition's allegations also do not establish that there are no conditions of confinement that could not prevent constitutional violation. For example, if Petitioner believes he is not receiving adequate medical care for his pre-existing medical conditions, that type of claim is more properly handled in civil rights, in which relief directed to that concern can be fashioned, including ordering that certain types of care be provided. Similarly, while Ground One, although couched as a First Amendment claim, can be read as a complaint about the quality of the medical care Petitioner is receiving based on the restricted nature of Petitioner's telephone access due to restrictions imposed by the pandemic and otherwise, the appropriate relief for that claim could be simply to require that, in light of Petitioner's Christian Science beliefs, he be afforded greater access to telephone calls with Christian Science practitioners. In both instances, the appropriate relief would not be release and would be relief that plainly could not be afforded in habeas. *See Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) ("The power of a federal habeas court 'lies to enforce the right of personal liberty' . . . [and as] such, a habeas court 'has the power to release' a prisoner, but 'has no other power.'") (citations omitted). Petitioner alleges, at most, that he had co-morbidities and that he therefore is at greater risk of harm from COVID-19 as a general proposition and, thus, the only relief available is immediate release. There is nothing alleged in the Petition, however, to support finding that immediate release from an existing conviction and sentence imposed by a different district court is the only relief appropriate here. In any event, the fact that release is sought rather than some other form of relief is not determinative of whether a claim sounds in habeas or civil rights, *i.e.*, the question of the nature of the claim itself. *Alvarez*, 445 F. Supp. 3d at 866.

The Court finds that, under the circumstances at issue and regardless of Petitioner's assertion that he should be released from custody immediately, any arguable COVID-19 related claim raised through the Petition is not cognizable under Section 2241. *See Shook v. Apker*, 472 Fed. App'x 702, 702-03 (9th Cir. 2012) (holding that, "[d]espite the relief he seeks," the petitioner's challenges to the adequacy of medical care concerned "the conditions of his confinement and are properly brought under *Bivens*," not through a Section 2241 habeas petition). Accordingly, to the extent that the Petition can be construed to plead a fifth habeas claim based on the conditions of Petitioner's confinement at MDC due to the COVID-19 pandemic, that claim also should be dismissed without prejudice.

\* \* \* \* \*

For the foregoing reasons, IT IS ORDERED that: the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice

DATED: February 24, 2021

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE